

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00343-CV

———————————————————

NEWSTREAM HOTELS AND RESORTS, LLC AND NEWSTREAM
COMMERCIAL, LLC, Appellants

V.

J.C. ABDOU; JOHN ABDOU; JAB CAPITAL LLC; DERRICK CABALLERO;
QUEST TRUST COMPANY, SUCCESSOR BY MERGER TO QUEST IRA, INC.
FBO JERRY DREW, AND FBO SUZIE DREW; JERRY DREW, INDIVIDUALLY;
SUZIE DREW, INDIVIDUALLY; HEERWAGEN FAMILY PARTNERS, LTD.;
DANIEL HEFLIN; ANN HEFLIN; RICHARD HORNYAK, AS TRUSTEE OF
THE HORNYAK FAMILY TRUST; ERIC JACOBSON; ANN JACOBSON;
NATSTEVE HOLDINGS, LLC; QUEST TRUST COMPANY, SUCCESSOR BY
MERGER TO QUEST IRA, INC. FBO LANCE PIERCE; VIJAY SALUJA;
OXPATCH LLC; SUBHASH C. SINGHAL; MANUJ C. SINGHAL; PANKAJ C.
SINGHAL; JAMES NEAL WALKER; JDMD DEVELOPMENT, LLC; AND 2548
LAKESIDE PARTNERS, LLC, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 20-8544-431

---

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

This is an interlocutory appeal from the trial court's Order Denying Defendants' (Appellants') Texas Citizen Participation Act (TCPA) Motion to Dismiss. Because we hold that Appellants failed to establish that the TCPA is applicable to the claims in question, we will affirm the judgment of the trial court.

## I.      Background

This is a business dispute involving the construction of a mixed-use real estate development in Flower Mound, Texas, known as Lakeside Crossing. Appellees are investors in the project and held an ownership interest in a limited partnership involved in the project, Lakeside Crossing Land Partners (LCLP). Appellees sued the general partner of the partnership (Newstream Hotels and Resorts, LLC) and an affiliated company (Newstream Commercial, LLC) (collectively Appellants), asserting various claims based on Appellants' alleged misrepresentations and mismanagement of the project. After Appellants informed the Appellees, including via email, that Appellants were obtaining indemnification from LCLP allegedly pursuant to the partnership agreement in connection with the lawsuit, Appellants exercised their claimed right to indemnification through a series of invoices, payments, and checks for indemnification of the legal fees and litigation expenses for this lawsuit. Thereafter, Appellees filed an amended petition asserting factual allegations that the indemnification was wrongful. Specifically, Appellees added new paragraph 67 to their Amended Petition, reading,

67) Furthermore, [Appellees] understand that [Appellants] and/or [Appellant] Newstream H&R have withdrawn funds from the Partnership to indemnify, reimburse, or otherwise pay [Appellants] and/or [Appellant] Newstream H&R for their losses, costs, or expenses, including attorney's fees incurred as a result of this suit. [Appellees] affirmatively assert and contend that this action is not permitted for the claims asserted in this suit under the Partnership Agreement or Texas law.

Appellants filed a motion to dismiss the amended claims under the TCPA. Appellants contended that these allegations in paragraph 67 were based on, or were in response to, Appellants' communications informing the Appellees of the indemnification. They also contended that the invoices, payments, and checks were "communications" made "in or pertaining to a judicial proceeding" and were made "in connection with a matter of public concern" and therefore protected by the TCPA. Specifically, (a) Appellants contended their rights to petition and free speech were implicated because Appellants' communications that they were obtaining indemnity/reimbursement from LCLP and (b) the payment "communications" pertained to the present judicial proceeding and involved a matter of public concern (involvement of the Town of Flower Mound in the financing of the project), both because (a) and (b) pertained to the present judicial proceeding and involved a matter of public concern, thereby invoking the TCPA. The trial court denied the motion, resulting in this interlocutory appeal.

4

## II. Standards of Review

The standard of review is de novo, considering the pleadings, any evidence subject to consideration in a summary judgment proceeding, and any submitted affidavits stating the facts on which liability or a defense is based. However, the nonmovants' (Appellees') pleadings are the "best and all-sufficient" evidence of the nature of their claim. *Hersch v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017); *Jackson v. Kell Auto Sales, Inc.*, No. 02-21-00106-CV, 2021 WL 5367846, *2 (Tex. App.—Fort Worth Nov. 18, 2021, no pet.) (mem. op.). A movant seeking the protection of the TCPA must initially demonstrate that the claim is based on or is in response to its exercise of the right of free speech, to petition, or of association. *Gilani v. Rigney*, No. 02-21-00314-CV, 2022 WL 714700, at *3 (Tex. App.—Fort Worth Mar. 10, 2022, pet. filed) (mem. op.); Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), 27.005(b).[1]

We view the pleadings in the light most favorable to the non-movant, i.e., favoring the conclusion that the claims are not predicated on protected expression. *Beving v. Beadles*, 563 S.W.3d 399, 407 (Tex. App.—Fort Worth 2018, pet. denied); *Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd); *see also White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-

---

[1]The Legislature recently narrowed the applicability of the TCPA, which informs our decision today. *See, e.g., ML Dev, LP v. Ross Dress for Less, Inc.*, No. 01-20-00773-CV, 2022 WL 1037757, at *2 (Tex. App.—Houston [1st Dist.] Apr. 7, 2022, no pet.) (op. on reh'g); Amy Bresnen et al., *Targeting the Texas Citizen Participation Act: The 2019 Texas Legislature's Amendments to a Most Consequential Law*, 52 St. Mary's L.J. 53, 122–23 (2020).

CV, 2020 WL 5104966, at *4 (Tex. App.—Dallas 2020, pet. denied) ("[A]n appellate court reads both the petition and the affidavits in [a] manner most sympathetic to the TCPA's non-applicability."). A reviewing court, viewing the evidence in the light most favorable to the nonmovant, must "determine the extent to which the factual bases [for a pled claim] 'as a matter of law, are protected expression within the TCPA's definitions,' . . . and disregard as irrelevant any factual allegations 'that are not a factual predicate for [the] claims.'" *Weller v. MonoCoque Diversified Ints., LLC*, No. 03-19-00127-CV, 2020 WL 3582885, at *3 (Tex. App.—Austin 2020, no pet.) (mem. op.) (brackets in original) (quoting *Sloat*, 513 S.W.3d at 504). Further, "'[t]he basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations.'" *Beving*, 563 S.W.3d at 407 (quoting *Hersh*, 526 S.W.3d at 467) (brackets in original).

Finally, merely alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA. *See Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 798 (Tex. App.—Fort Worth 2018, pet. denied); *see also Shopoff Advisors, L.P. v. Atrium Circle, GP*, No. 04-20-00310-CV, 2021 WL 2669337, at *4 (Tex. App.—San Antonio June 30, 2021 no pet.) (mem. op) (filing of lis pendens did not invoke the protection of the TCPA, gravamen of the case was the failure to release the lis pendens in accordance with arbitration award); *Pacheco v. Rodriguez*, 600 S.W.3d 401, 410 (Tex. App.—El Paso 2020, no pet.) ("[W]hen a claim does not allege a communication, and is instead based

on a defendant's conduct, the TCPA is not implicated."); *Riggs & Ray, P.C. v. State Fair of Tex.*, No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex. App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.) ("Although SFT communicated this noncompliance through its declaratory judgment suit, the noncompliance itself, not the communication, is the basis of R & R's claims."); *Allied Orion Grp., LLC v. Pitre*, No. 14-19-00681-CV, 2021 WL 2154065, at *3 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.) (mem. op.) (recognizing that while communications may have occurred as part of the process leading up to the plaintiff's employment termination, the plaintiff's termination suit did not assert claims based upon the making or submitting of any statement or document and therefore claims were not subject to the TCPA).

## III. Analysis

Reviewing a TCPA motion to dismiss involves a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). First, the moving party must show, by a preponderance of the evidence, that the TCPA properly applies to the legal action against it. *See id.*; Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). A movant seeking the protection of the TCPA must initially demonstrate that the claim is based on or is in response to its exercise of the right of free speech, to petition, or of association. *Gilani*, 2022 WL 714700 at *3; Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), 27.005(b). Second, if the moving party satisfies its burden to prove the applicability of the TCPA, then the nonmoving party must establish by clear and specific evidence a

7

prima facie case for each essential element of the claim in question. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). Finally, if the nonmoving party satisfies the second step, then the burden shifts back to the moving party to establish an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *Id.* § 27.005(d).

A claim involving an infringement on the right to petition involves a "communication" that is "in or pertaining to a judicial proceeding." *Shopoff Advisors, L.P.*, 2021 WL 2669337, at *3. A claim involving an infringement of the right of free speech must also involve a "communication." *Allied Orion Grp., LLC*, 2021 WL 2154065, at *2. A communication is defined as "the making or submitting of a statement or document." *Jackson*, 2021 WL 5367846 at *2; Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1). If a claim does not allege a communication but is based on conduct, the TCPA does not apply. *MVS Int'l Corp. v. Int'l Advert. Solutions, LLC*, 545 S.W.3d 180, 197–98 (Tex. App.—El Paso 2017, no pet.) (holding that claim for breach of contract did not trigger the protections of the TCPA where the claim was not based on or related to any communications made by the defendants); *Shopoff Advisors, L.P.*, 2021 WL 2669337, at *4 (filing of lis pendens, a communication, in litigation context did not invoke TCPA where claims were based on conduct, i.e., failure to release lis pendens in accordance with an arbitration award).

As noted above, we are required to look to the nonmovants' pleadings as the "best and all-sufficient" evidence of the nature of the claim and to construe them in

8

the light most favorable to the nonmovant. Additionally, "courts cannot blindly accept attempts by the defendant-movant to characterize the plaintiff-nonmovant's claims as implicating protected expression." *White Nile Software, Inc.*, 2020 WL 5104966, at *5. Here, paragraph 67 is not "premised on a communication." *Shopoff Advisors, L.P.*, 2021 WL 2669337 at * 4. The gravamen of Appellees' claim is that the act of Appellants in unilaterally collecting funds under a claimed right to contractual indemnity constituted a breach of their contract and violated Texas law. Thus, the claim is premised on conduct, not on communication. The fact that there were communications involved in the events giving rise to the claim does not create a sufficient nexus to the claim to invoke the TCPA. *Smith*, 565 S.W.3d at 798. We must "disregard as irrelevant any factual allegations 'that are not a factual predicate for [the] claims.'" *Weller*, 2020 WL 3582885 at * 3.

Appellants point to Appellees' responses to the motion to dismiss, which continued the following quote:

> Newstream has informed all limited partners that it has used Partnership funds to pay for attorney's fees and expenses of this lawsuit on behalf of the Defendants to this lawsuit and that the Partnership has a need to raise additional capital, in part, because of these payments. Those payments have depleted Partnership funds and have made it less likely that I will receive any return of my capital contribution.

Appellants argue that, based on the foregoing sworn testimony, the Appellees "responded" to the communication of the Partnership's "need to raise additional capital, in part, because of the [indemnification] payments," by filing their wrongful

9

indemnity claims. Accordingly, the Appellees' claims were brought "in response to" these protected communications. *See, e.g., Western Mktg., Inc. v. AEG Petroleum, LLC*, 616 S.W.3d 903, 913 (Tex. App.—Amarillo 2021, pet. denied) (citations omitted) (stating that claims are brought "in response to" a protected communication if "they react to or are asserted subsequently to the communication"); *Scout Energy Mgmt., LLC v. Indian Spring Cattle Co., LLC*, No. 07-21-00031-CV, 2021 WL 5150995, *2 (Tex. App.—Amarillo 2021, no pet.) ("[It is] enough if the claim is a reaction to or asserted after (i.e., spawned by) the communication or conduct.").

Setting aside the fact that the Appellees' pleading is the "best and all-sufficient" evidence of the nature of the claim, we do not construe this quote in the same manner as urged by Appellants. The quoted language from the Appellees actually reinforces the allegations of paragraph 67 as being based on conduct, not communication. While it does reference that the Appellees were told of certain conduct of the Appellants relative to the indemnity situation, it was the conduct of the Appellants that caused the Appellees the harm for which they were seeking relief in their amended claims.

Finally, the Appellants contend that the Appellees' claims were also brought "in response to" the "communications" contained in the checks and instructions to withdraw Partnership funds and deliver such funds to a third-party because the claims were "spawned by" the communications contained in the checks and instructions. Again, setting aside the "best and all-sufficient" nature of the Appellees' pleading, we

are not persuaded that checks and instructions to withdraw Partnership funds and deliver such funds to a third party have the required nexus to the claims being asserted. Again, the gravamen of the claims is that Appellants, through their conduct, breached their contract with Appellees and violated Texas law by making the payments, i.e., the making of the payments was the wrongful act; the checks, invoices, and instructions were merely evidence of the act.

We conclude that Appellants failed to show by a preponderance of the evidence that the TCPA applied to Appellees' amended claims. Because Appellants did not establish that the TCPA applied to Appellees' amended claims, the burden never shifted to Appellees to establish by clear and specific evidence a prima facie case for each essential element of their claims, and the trial court properly denied the TCPA motion. Based on our disposition of Appellants' first issue, it is unnecessary for us to address the other issues presented in this appeal. *See* Tex. R. App. P. 47.1 (requiring appellate courts to hand down opinions that are as brief as practicable but address every issue raised and necessary to the final disposition of the appeal); *Shopoff Advisors, L.P.*, 2021 WL 2669337 at *4.

## IV.   Conclusion

The trial court's order denying the TCPA motion is affirmed.

11

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  May 12, 2022